UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | | |
|---|---|---|
| DONNIE GAMBREL, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6: 05-499-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| JOHN MOTLEY, Warden | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

*** *** *** ***

This matter is pending for consideration of Petitioner Donnie Gambrel's Petition for Writ of Habeas Corpus [Record No. 1] filed September 13, 2005, pursuant to 28 U.S.C. § 2254. This matter was referred to United States Magistrate Judge J. B. Johnson, Jr., for initial screening. Magistrate Judge Johnson filed his report and recommendation on November 30, 2005. [Record No. 6] Based on a review of the state court record and the applicable case law relevant to federal habeas corpus petitions, the Magistrate Judge concluded that the Petitioner's request for habeas relief was time-barred as the petition was filed more than one year after "the date on which the [state court] judgment became final by the conclusion of direct review." 28 U.S.C. § 2244(d)(1). Accordingly, the Magistrate Judge recommended that the Petitioner's habeas petition be denied and that this action be dismissed and stricken from the docket.

On December 13, 2005, the Petitioner filed objections to the Magistrate Judge's report and recommendation. [Record No. 7] Through these objections, he seeks to challenge the finding that his claims are time-barred. Although he concedes that his petition was filed outside the one

year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), he argues that the doctrine of "equitable tolling" excuses his failure to timely file his petition. Specifically, he contends that his alleged incompetence is grounds for equitably tolling the AEDPA's one-year statute of limitations.

After a Magistrate Judge issues a report and recommendation, this Court must undertake de novo review of the parts of the report to which an objection is made. 28 U.S.C. 636(b)(1)(C). After conducting such a review, the Court finds that the Magistrate Judge was correct in his determination that the petition is time-barred and is not subject to the doctrine of "equitable tolling." His recommendations, therefore, will be adopted by this Court and the Petition for habeas corpus relief denied.

## I. THE PETITIONER'S CLAIMS OF ERROR

As outlined in the objections filed December 13, 2005 [Record No. 7], the Petitioner asserts that the Magistrate Judge erred in finding that his competency claim was procedurally defaulted or, in the alternative, without merit. Specifically, he argues that he has presented evidence which the Magistrate Judge has overlooked that raises a "bona fide concern that he may have been incompetent to stand trial." [Record No. 7, p. 1] Further, he states that his trial and appellate counsel's failure to raise this claim provide a basis for equitable tolling of the AEDPA's statute of limitations. Based on these assertions, he alleges that, contrary to the findings of the Magistrate Judge, he should be excused from his failure to timely file his petition for federal habeas relief.

In the report and recommendation, the Magistrate Judge determined that Gambrel's claim of "incompetency" was procedurally defaulted or, in the alternative, without merit. Regardless of whether this claim was procedurally defaulted or meritless, the Magistrate Judge concluded that Gambrel's alleged incompetency was not grounds for tolling the AEDPA's statute of limitations. With respect to the issue of default, the Magistrate Judge determined that Gambrel's failure to raise the competency issue in his direct appeal precludes consideration of this claim by this Court. As correctly noted by the Magistrate Judge, the competency argument was not made in his direct appeal. Claims not "fairly presented" to the state court are not cognizable on habeas review. *Baldwin v. Reese*, 541 U.S. 27, 29; 28 U.S.C. § 2254(b)(1). However, habeas relief may be available to a petitioner who has failed properly to raise his claim on direct review if the petitioner establishes "cause" for the procedural default and shows actual prejudice resulting from the alleged violation. *United States v. Frady*, 456 U.S. 152 (1982). In attempting to justify the procedural default, Gambrel asserts that he "raised his claim of incompetence at the earliest possible moment, given the failure of his trial and appellate counsel do so." [Record No. 7, p. 4] Notwithstanding this allegation, the Court finds that Gambrel has not made the requisite showing to excuse the procedural default of this claim. *Reed v. Farley*, 512 U.S. 339, 353-55 (1994).

Initially, it should be noted that, in order for Gambrel's ineffective assistance of counsel claim to constitute "cause" for the procedural default, the Petitioner must demonstrate that his attorney's representation meets the standard for being constitutionally ineffective under *Strickland v. Washington*, 466 U.S. 668 (1984). With respect to Gambrel's allegation that his

-3-

trial counsel was ineffective, the Court notes that the Magistrate Judge thoroughly evaluated the record to determine whether there was evidence that Gambrel's was incompetent to stand trial. In doing so, the Magistrate Judge noted that, at trial, Gambrel testified on his own behalf and responded coherently and appropriately. Citing the Kentucky Court of Appeals, the Magistrate Judge noted that:

> Gambrel's testimony at trial was coherent and rational and clearly conveyed his appreciation of the nature and consequences of the proceedings against him. His subsequent pro se motions further demonstrate that he could rationally participate in his own defense. The record therefore clearly refutes his allegations of incompetence, and the circuit court did not abuse its discretion in denying the motion for a hearing on this issue.

[Record No. 6, pp. 10-11]

Thus, after reviewing the record, the Magistrate Judge agreed with the Kentucky Court of Appeals conclusion that Gambrel's alleged incompetence was not so severe that it negated his intent to commit a crime. Based upon the lack of evidence in the record to support Gambrel's alleged incompetency, this Court agrees that the Magistrate Judge properly concluded Gambrel has failed to meet the *Strickland* requirements for demonstrating that the assistance of his trial attorney was so ineffective that his constitutional rights were violated. In summary, this Court finds that Gambrel's trial counsel's failure to raise the competency issue does not constitute cause for his procedural default.

Gambrel has also alleged that his *appellate* counsel's failure to raise the competency issue constitutes "cause" for his procedural default. With respect to this issue, the Magistrate Judge determined that Gambrel's ineffective assistance of *appellate* counsel claim is itself procedurally defaulted because Gambrel failed to present this claim to the state courts. In his objections to

the report and recommendation, Gambrel acknowledges that he is raising this claim for the first time in his federal habeas case. However, he argues that it is not procedurally defaulted because he was not required to present this claim to the state courts.

Citing various decisions from the Kentucky Supreme Court, Gambrel asserts that the Kentucky courts have held that ineffective assistance of appellate counsel is not a cognizable claim and, therefore, he argues that the state courts would have declined to review this claim. The Petitioner, however, has mischaracterized the cases on this issue. The cases cited by the Petitioner relate the issue of whether there is a constitutional right to an attorney in *post-conviction proceedings*. *See e.g.*, *Harper v. Commonwealth*, 978 S.W.2d 311, 318 (Ky. 1998); *Vunetich v. Commonwealth*, 847 S.W.2d 51 (Ky. 1990); *Commonwealth v. Davis*, 14 S.W.3d 9, 14-15 (Ky. 1999); *Hicks v. Commonwealth*, 825 S.W.2d 280 (Ky. 1992). Kentucky courts have reaffirmed the United States Supreme Court's holding that there is no constitutional right to an attorney in those proceedings and that a petition based on a claim of that nature will not warrant habeas relief. *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *see also Harper v. Commonwealth,* 978 S.W.2d 311,318 (Ky. 1998); *Vunetich v. Commonwealth*, 847 S.W.2d 51 (Ky. 1990).[1]

However, having reviewed Gambrel's petition, it is apparent that his claim relates to the effectiveness of his counsel during his direct appeal. Specifically, Gambrel alleges that his appellate counsel was deficient for not raising the competency issue. The Magistrate Judge

---

[1] To the extent that the Petitioner is claiming ineffective assistance of counsel during state habeas appeal, he is not entitled to relief on this claim. Because Gambrel had no right to counsel to pursue his appeal in state habeas, any attorney error that led to the default of Gambrel's competency claims in state court cannot constitute cause to excuse the default in federal habeas proceedings.

concluded, and this Court agrees, that this claim is procedurally defaulted inasmuch as it was not presented to the state courts. Therefore, this Court is barred from considering it unless the Petitioner demonstrates cause for his state-court default and prejudice therefrom. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Again, however, Gambrel cannot meet the cause and prejudice standard. As previously noted, the Supreme Court has held that attorney error may constitute cause to excuse procedural default only if his or her performance meets the standard for being constitutionally ineffective under the Court's decision in *Strickland*, 466 U.S. 668.

In *Murray v. Carrier*, 477 U.S. 478 (1986), the Supreme Court considered the circumstances under which attorney error constitutes cause. In that case, Carrier argued that his attorney's failure to raise certain claims in his state appeal constituted cause for the default sufficient to allow federal habeas review. The Court rejected this claim. In doing so, the Court held that "the Constitution guarantees criminal defendants only a fair trial and a competent attorney. It does not insure that defense counsel will recognize and raise every conceivable constitutional claim." *Id*. at 486

The Court's holding in *Carrier* is dispositive of the Petitioner's claim in the present action. As noted by the Magistrate Judge, Gambrel's competency claim was not a strong one. Petitioner's appellate counsel may well have felt that it was not in Gambrel's best interest to raise that issue on appeal. Appellate counsel "need not advance every argument, regardless of merit, urged by petitioner." *Evitts v. Lucey*, 469 U.S. 387, 394 (1985). Here, the Petitioner has failed to show that his appellate counsel acted outside the wide realm of professional competent assistance. Thus, the Court finds that Gambrel has failed to meet the *Strickland* requirements

for demonstrating that the assistance of his counsel was so ineffective that his constitutional rights were violated.

Inasmuch as the Petitioner cannot demonstrate cause for the procedural default, the Court need not consider whether the Petitioner would be prejudiced by his inability to raise the claim. *See Carrier,* 477 U.S. at 494. In addition, Gambrel presents no case for there being a fundamental miscarriage of justice requiring the Court to forgive his default. Consequently, this Court is without jurisdiction to review the merits of the Petitioner's claims.

## II.    CONCLUSION

For the reasons discussed herein and in the Magistrate Judge's Report and Recommendation, it is hereby **ORDERED** as follows:

1. The Report and Recommendation of United States Magistrate Judge J. B. Johnson, Jr. [Record No. 6] is **ADOPTED** and **INCORPORATED** herein by reference;

2. The Petitioner's objections to the Magistrate Judge's report and recommendation [Record No. 7] are **OVERRULED**;

3. The Petition for a Writ of Habeas Corpus is **DENIED** and this action is hereby **DISMISSED**, with prejudice;

4. The Petitioner's motion to proceed *in forma pauperis* and to appoint counsel Record No. 3] is **DENIED**.

5. A certificate of appealability shall not issue because the Petitioner has not made a substantial showing of the denial of any constitutional right. Further, an appeal from this judgment may not be taken *in forma pauperis* because it would not be taken in good faith.

This 11th day of January, 2006.



Signed By:
*Danny C. Reeves* DCR
United States District Judge